## MORRISON COUNTY LUMBER COMPANY v. ODILON DUCLOS.[1]

November 19, 1915.

Nos. 19,434—(98).

**Amendment of summons — initials of name.**

> Confused as to the true first names of a father and son, the attorney who prepared the complaint and issued the summons inserted the initials of the son instead of the first name or initial of the father in the papers. The attorney intended to make the father a party defendant and not the son. He served the summons upon the father personally. It is *held* that, before the trial, upon proper notice, the court had power to amend the summons and files, by striking therefrom the initials of the son wherever the same occurred and inserting in lieu thereof the initial or first name of the father.

Action in the district court for Morrison county to recover a balance of $5,740.89 and to foreclose a mechanic's lien for the same. Plaintiff moved for an order amending the summons and complaint by changing the name of defendant P. O. Duclos to Odilon Duclos. The motion was heard before Parsons, J., who granted it. From that part of the order which amended the summons and complaint by such change of name and from that part of the order which denied the motion of Odilon Duclos to set aside the service of summons, he appealed. Affirmed.

*E. P. Adams,* for appellant.

*A. H. Vernon,* for respondent.

HOLT, J.

In an action to foreclose a mechanic's lien a defendant was named P. O. Duclos. In the complaint filed the same name was used, and it was

[1]Reported in 154 N. W. 952.

Note.—As to effect of summons or notice to person by wrong initial, see notes in 15 L.R.A.(N.S.) 129; and 42 L.R.A.(N.S.) 151.

alleged that plaintiff made the contract for the improvement with the defendant P. O. Duclos, and that he was the owner of the premises upon which the lien was sought. The attorney who prepared the summons, *lis pendens* and complaint, personally served the summons by handing and delivering a copy thereof to Odilon Duclos, also known as O. Duclos. Odilon Duclos had a son whose name was P. O. Duclos. No attempt was made to serve upon the son. The attorney who made the service knew both father and son. After the time expired within which an action could be commenced to foreclose the lien, plaintiff moved to amend the summons and all the papers in the action, by striking out the initials in the name of defendant Duclos wherever it occurs, and inserting in lieu thereof the Christian name Odilon, on the ground that through inadvertence and mistake of the attorney preparing the papers in the action the defendant had been misnamed. At the same time Odilon Duclos appeared specially and moved to set aside the service of the summons. The court granted plaintiff's motion and denied that of Odilon Duclos who appeals.

The contention is that, since there was a person of the identical name to whom the summons was directed, the amendment of the name was substituting another defendant for the one named. And further, it is said, the court has no power to amend the summons so as to make one a defendant, when the summons is not directed to him as required by statute, but is directed to another person in such other person's correct name. We cannot sustain appellant. While a summons is not strictly process and is not in terms specified in sections 7783 and 7786, G. S. 1913, it has nevertheless been held to be one of the documents in an action which in virtue of said sections may be amended in the sound discretion of the court. Lockway v. Modern Woodmen of America, 116 Minn. 115, 133 N. W. 398, Ann. Cas. 1913A, 555. The summons was personally served upon Odilon Duclos by the one who issued it and who drew the complaint. He makes oath that the one so served was well known to him and was the person intended as defendant. He was confused as to the first names of the father and son which explains the mistake in the defendant's first name. Upon the authority of Casper v. Klippen, 61 Minn. 353, 63 N. W. 737, 52 Am. St. 604, a mistake in the first name of a defendant may be corrected on motion, especially before judgment, and

where, as here, opportunity is given to answer. Had defendant been the only person by the name of Duclos no claim could well have been made that the trial court did not properly exercise his discretion. Because there happen to be two or more of that name ought not to preclude relief to plaintiff. Every defense this defendant had when the action was begun is available to him now. In Fassy v. Jacobs, 71 Misc. 145, 127 N. Y. Supp. 1062, cited by defendant, where a motion was made at the trial to amend the name of the defendant Samuel Jacobs to Morris Jacobs, the court uses this language which squarely supports the ruling of the learned trial court: "If Morris Jacobs had ever been summoned into this action by the name of Samuel, or by some other than his true name, we are of opinion that the order granting the amendment would have been within the power and discretion of the court. Code Civ. Proc. § 723." The citation in Sleeper v. Killion, 166 Iowa, 205, 147 N. W. 314, was properly served upon the parents of the minors, but, since the parents were the only defendants named therein, it was held the court lacked jurisdiction to enter judgment against the minors who were not named. The case is not in point.

Order affirmed. ───────────