## H. L. BRADY v. JOHN E. BURCH.[1]

March 4, 1932.

No. 28,781.

*M. J. Timmons,* for appellant.
*John C. Crowley, Jr.* for respondent.

STONE, J.

Appeal from an order vacating a judgment taken by default.

The action was one to foreclose a conditional sales contract on an automobile. It was attempted to be commenced by service of summons with complaint attached. The complaint by its caption correctly laid the venue in the district court of Hennepin county, but the summons incorrectly put the venue in the municipal court of the city of Minneapolis. Defendant did not appear, so plaintiff submitted his proof and took judgment by default.

The order below vacated the judgment because it was considered, correctly we think, that the defect in the summons was fatal to jurisdiction. In Sievert v. Selvig, 175 Minn. 597, 222 N. W. 281,

[1]Reported in 241 N. W. 393.

it was held that a similar defect in a complaint was only an irregularity. But the reasoning used and authorities cited show that such a defect in a summons is something more than a mere irregularity. The notice which it is the function of the summons to give is prerequisite to jurisdiction. The purpose utterly fails if the notice given is to appear in a court other than the one wherein the action is pending. To say that a summons putting the venue in one court confers jurisdiction upon another court not named is to assert what is obviously impossible.

There is nothing in the argument that the correctly captioned complaint cured the fatally defective summons. One indicated one court, and the other another court as the one wherein defendant was to appear and answer. His was the right to appear even though he did not answer. G. S. 1923 (2 Mason, 1927) § 9239. How was he to know which was the correct tribunal? He was entitled to that notice and did not get it.

Order affirmed.