ALICE JANE THARP (NOW PATTRIDGE) v. RAY M. THARP.[1]

February 18, 1949.

No. 34,823.

*G. F. Mantz* and *Arthur C. Wangaard,* for appellant.
*Smith & Smith,* for respondent.

MAGNEY, JUSTICE.

In an action to renew a judgment dated May 8, 1936, a summons and complaint were served on defendant on May 3, 1946. The venue

[1]Reported in 36 N. W. (2d) 1.

of the summons was laid in the district court for Hennepin county, fourth judicial district. The summons reads as follows:

*"You are hereby summoned to appear within twenty days* after service of this summons * * * *and defend the above entitled action in the court aforesaid;* and in case of your failure to do so, judgment will be rendered against you in the sum of * * *. [Italics supplied.]

"G. F. Mantz,
Attorney for Plaintiff,
Oak Grove and Hennepin,
Minneapolis, Minnesota."

Defendant moved to set aside service of the summons on the ground that the purported summons did not comply with the requirements of the statute of the state applicable to the form of the summons. Plaintiff made a motion to amend the summons so as to comply with the statute. Both motions were heard after May 8, 1946. The ten-year statute of limitations covering judgments had then run. The court granted defendant's motion and denied that of plaintiff. Plaintiff appeals.

M. S. A. 543.02 sets out the requisites of a summons, and, insofar as it is of importance here, it reads:

"The summons shall be subscribed by the plaintiff or his attorney, be directed to the defendant, and require him to serve his answer to the complaint on the subscriber, by copy, at a specified place within the state where there is a post-office, within 20 days after the service on him of such summons, * * *. It shall also notify him, in substance, that if he fails so to serve his answer:

"(1) If the action be for the recovery of a debt or a liquidated money demand only, that the plaintiff will take judgment for an amount specified therein;"

A summons is not a process. It is a mere notice to defendant that an action against him has been commenced and that judgment will be taken against him if he fails to answer. Hanna v. Russell, 12

Minn. 43 (80); First Nat. Bank v. Estenson, 68 Minn. 28, 70 N. W. 775; Morrison County Lbr. Co. v. Duclos, 131 Minn. 173, 154 N. W. 952; Flanery v. Kusha, 143 Minn. 308, 173 N. W. 652, 6 A. L. R. 838; Schultz v. Oldenburg, 202 Minn. 237, 277 N. W. 918; Griffin v. Faribault F. & A. Assn. 203 Minn. 97, 280 N. W. 7.[2] This statute has been given a liberal construction to avoid defeating an action on account of technical and formal defects which could not reasonably have misled or prejudiced the defendant. Lockway v. Modern Woodmen, 116 Minn. 115, 133 N. W. 398, Ann. Cas. 1913A, 555; Flanery v. Kusha, 143 Minn. 308, 173 N. W. 652, 6 A. L. R. 838; Francis v. Knerr, 149 Minn. 122, 182 N. W. 988. In Schultz v. Oldenburg, 202 Minn. 237, 277 N. W. 918, cases involving defects in summonses are reviewed. It seems unnecessary to do so again.

In the Francis case we said (149 Minn. 124, 182 N. W. 989):

"It is recognized, however, that the notice, by the service of which the court requires [acquires] jurisdiction of the defendant, must, in substance, comply with the requirements of the statute, and must be sufficient to inform the defendant of the essential matters which the statute requires to be stated therein for the purpose of enabling him to answer and defend."

And in Peterson v. W. Davis & Sons, 216 Minn. 60, 64, 11 N. W. (2d) 800, 803, we stated:

"* * * The purpose of the summons is to give the defendants notice that a proceeding has been instituted against them, and unless an answer or other pleading is interposed judgment will be entered."

The summons in the instant case directs the defendant to appear and defend the action in the district court of Hennepin county within 20 days. But the statute in substance provides that by the summons the defendant is directed to serve his answer on the subscriber thereof within 20 days at a specified place in the state. It

---

[2]Under certain statutes a summons may be designated as process. Farmers Imp. Co. v. Sandberg, 132 Minn. 389, 157 N. W. 642; Griffin v. Faribault F. & A. Assn. 203 Minn. 97, 280 N. W. 7.

is apparent that the defect here is substantial. The question, then, is whether the summons is so defective in substance that it must be set aside as fatal to jurisdiction.

The statute requires the summons to designate a place within the state at which the defendant is required to serve his answer upon the subscriber to the summons. The summons here is entirely lacking in this requirement. It directs defendant to appear and defend the action in the district court within 20 days. In other words, it directs defendant to appear in the district court at any time within 20 days to defend the lawsuit. That is materially different from directing defendant to serve an answer within 20 days on the subscriber at his office. Nothing is said about the effect of a failure to answer. It does state that if defendant fails to appear and defend the case in the district court judgment will be rendered against him.

In Flanery v. Kusha, 143 Minn. 308, 173 N. W. 652, 6 A. L. R. 838, the word "days" was left out after the word "twenty." We said (143 Minn. 309, 173 N. W. 652):

"* * * It is sufficient in this regard if it clearly informs the defendant that it is intended for him and requires him to answer the complaint."

In the summons in question there is nothing informing him that he is required to answer the complaint.

In passing, it may be noted that the subscriber designates his address as "Oak Grove and Hennepin," a metropolitan street intersection. "Oak Grove and Hennepin" may be a "specified place within the state," in the words of the statute, but it is rather indefinite as a place where an answer may be served. Of course, in this summons the defendant is not directed to serve an answer on the subscriber at all.

In our opinion, the summons is fatally defective. It does not give defendant the notice which the statute directs should be given. It is insufficient to inform defendant, as stated in Francis v. Knerr, 149 Minn. 122, 182 N. W. 988, of the essential matters which the

statute requires to be stated in the summons for the purpose of enabling him to answer and defend. The defect here is more than merely technical and formal, and therefore a mere irregularity; it goes to the substance.

Plaintiff contends that the summons here is the form of summons prescribed and used in the state of Wisconsin, and that if sufficient in that state it should be sufficient here. The Wisconsin statute provides: "A direction to the defendants summoning them to appear * * * and defend the action." Wisconsin St. 262.02(2). Of course our summonses must comply with the statutes of this state. The summons in this case does not. It is uncertain and misleading, in that it requires defendant to appear and defend in the district court within 20 days.

The court denied plaintiff's motion to amend the summons so as to comply with the statute. Since the statute of limitations had run against her claim when the motion was made, it is apparent that to permit the amendment would take away from defendant a substantial defense which he had. The original summons was a nullity because of the serious nature of the defect. Amendments to summonses are liberally granted where the rights of defendants are not prejudiced.

In Griffin v. Faribault F. & A. Assn. 203 Minn. 99, 280 N. W. 9, we said:

"* * * The tendency of the courts is toward great liberality in granting amendments [to a summons] where it is apparent that the defendant is not prejudiced thereby."

Here, defendant would obviously be prejudiced where, if an amendment were granted, a defense which would bar the cause of action would be destroyed. Since the summons was so fatally defective as in effect to be no summons at all, the amendment proposed by plaintiff would breathe life into a cause of action which had expired.

Orders affirmed.