Esther A. GLUSZEK

v.

Elliot RICHARDSON, Secretary of Health, Education and Welfare of the United States of America.

Civ. A. No. 71–2034.

United States District Court,
E. D. Pennsylvania.

Dec. 22, 1972.

§

Richard S. Packel, Delaware County Legal Assistance Assn., Chester, Pa., for plaintiff.

Henry J. Horstmann, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff seeks to overturn a decision of the Secretary of Health, Education and Welfare denying Social Security Old-Age Benefits to her as the wife of an insured wage earner. The only issue is the validity of a Florida divorce decree.

Claimant, Esther A. Gluszek, and the wage earner, Karol Gluszek, were married on November 30, 1939. In July, 1949, Gluszek left home on business and never returned. Shortly thereafter he established his current domicile, Winter Haven, Florida, and in 1955, filed for a divorce in Polk County, Florida. Mrs. Gluszek made no effort to find him and was not notified of her husband's suit or the final decree. Jurisdiction for the divorce, granted pro confesso, was based upon constructive service by publication after mailed notice sent to "Anastasia Gluszek, Chester, Pennsylvania," was returned undelivered by Chester Post Office.

At a hearing before the master in the divorce action, Gluszek testified that his wife had lived at 2500 West Fourth Street, Chester, Pennsylvania, but that he was not sure that she was still there. This had been the marital domicile for 10 years. Mrs. Gluszek still lives at that address as she did in 1955 when the divorce action was started. On these facts, she contends that the divorce is invalid because Gluszek's failure to provide her correct address constituted a fraud on the Florida court. The Secretary attempts to rely upon the substantial evidence test, 42 U.S.C. §

405(g), and argues that the divorce was final and valid.[1]

The law of Florida governs this case because marital status for Social Security purposes is determined according to the law of the state in which the wage earner is domiciled at the time the application for benefits is filed. 42 U. S.C. § 416(h). See also Mott v. Secretary of Health, Education and Welfare, 407 F.2d 59 (3rd Cir. 1969); Warrenberger v. Folsom, 239 F.2d 846 (3rd Cir. 1956).

The Florida courts have ruled that, when jurisdiction is absent, a judgment is not voidable, but void. A void judgment may be stricken at any time. Hayes v. Greenwald, 149 So.2d 586 (Fla.Dist.Ct.App.1963). Hence, if the service of process on Mrs. Gluszek was invalid, there was no jurisdiction for the divorce decree. Keeping in mind that one of the purposes of process is to inform those who can be reached with practicability, Mullane v. Central Hanover Bank and Trust Company, 339 U.S. 306, 318, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950), an examination of Florida law reveals the attempt to obtain jurisdiction over Mrs. Gluszek was defective. As a prerequisite to service by publication, Section 49.041 of the Florida Statutes Annotated requires an affidavit that a diligent search has been made to discover the residence of the defendant, a statement of the address "as particularly as is known," or an affirmation that this information is unknown. The obvious purpose of this requirement is to provide for actual notice whenever possible.

Here, there is no record that Gluszek submitted such an affidavit but the court purported to serve by publication nonetheless. In addition, the information which the wage earner provided for the attempted service by mail was misleading and deficient. He said that the given name of his wife, the claimant, was "Anastasia," but when they applied for their marriage license, she stated her name was "Esther," the same name which she has used throughout this action.[2] Moreover, the address given for Mrs. Gluszek in the divorce action was "Chester, Pennsylvania," without any street designation. The failure to provide the street name and number plus furnishing the wrong given name for Mrs. Gluszek, almost guaranteed that she would not be notified of the action brought against her.

In Florida, the legal effect of notice sent only to a city and state, is governed by the size of the addressee town. The State Supreme Court ruled in Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933) that notice to "Carson City, Nevada" was sufficient for small towns.[3] Here, the plaintiff maintains and the defendant does not deny, that Chester has a population of between 50,000 and 60,000 people. Thus, it appears to fit into the rule for notice to city residents. If service is attempted by mail to a large community, such as New York, failure to use a street address renders it invalid. See Ortell v. Ortell, 91 Fla. 50, 107 So. 442, 444–445 (Fla.1926), cited with approval in *Minick*.

At the same time, the similar case of Grammer v. Grammer, 80 So.2d 457 (Fla.1955) cannot apply. In *Grammer*, the master ruled that "Harding Avenue" by itself was a sufficient address in Detroit. This conclusion was based upon the length of the separation, 25 years,

---

1. The facts are not in dispute. The controversy in this case centers on the conclusions to be drawn from those facts. Hence, I am not bound by the Secretary's findings under the substantial evidence test. Kilby v. Folsom, 238 F.2d 699, 700 (3rd Cir. 1956); Cupler v. Secretary of Health, Education and Welfare, 252 F. Supp. 178, 181 (W.D.Pa.1966).

2. In a statement to the Social Security Administration in 1969, Gluszek said his wife "sometimes used the name Esther." (N.T. 78). No such information was given to the master at the time of the divorce hearing.

3. Carson City had a population of 2478 in 1940 and 1685 in 1920. 16 Encyclopedia Britannica 315. (1967 ed.)

and a reasonable effort to determine if the defendant-spouse still remained in that city. In the instant case the record of the divorce proceedings, filed as part of the administrative transcript, reveals that Gluszek must have known his wife's address. He had lived there with her for 10 years and they had only been separated for five. As pointed out in Long v. Finch, 321 F.Supp. 857, 859 (W.D. Va.1971), in view of our population's mobility the address of a party in another state can seldom be known to an absolute certainty. However, to permit a plaintiff to evade the requirement that he provide his best knowledge of a defendant's address because he is not positive of it makes a sham of a statute allowing service by publication.

When divorce proceedings are instituted, an attempt to locate a spouse may not have to be an extraordinary one, but some effort must be made if the correct mailing address cannot be furnished to the court. See Walton v. Walton, 181 So.2d 715 (Fla.Dist.Ct.App. 1966). Revealing the exact address to the master was not enough to correct a jurisdictional deficiency resulting from improper service: McGhee v. McGhee, 22 So.2d 788 (Fla.1945). Furthermore, where there is a false affidavit of diligent search and unknown address, the purported service is invalid and constitutes a fraud on the court. Martz v. Riskamm, 144 So.2d 83 (Fla.Dist.Ct. App.1962). Accordingly, the Polk County Court was without jurisdiction to grant Gluszek a divorce, it is invalid (at least for Social Security purposes), and the denial of benefits to claimant was error.

However, I cannot grant summary judgment to her. Because of the ruling on the divorce question, no consideration was given to claimant's satisfaction of the requirements of 42 U.S.C. § 402(b)(1)(E) concerning her own primary insurance benefits. Likewise, no determination of the amount of any benefits has been made.

ORDER

And now, this 22nd day of December 1972, the motions for summary judgment of both parties are hereby refused and this case is remanded to the Secretary of Health, Education and Welfare to determine the amount of benefits payable to plaintiff.