Wallace G. **HAAS**, Respondent,

v.

Loyd **BRANDVOLD**, Appellant.

No. C1–87–1746.

Court of Appeals of Minnesota.

Feb. 2, 1988.

**512**

Matthew S. Vickery, Lowther & Vickery, Sleepy Eye, for respondent.

Roger A. Nurnberger, Nurnberger and Nurnberger, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

SEDGWICK, Judge.

Loyd Brandvold appeals a default judgment granted to Wallace Haas which renewed the ten year statute of limitations for bringing an action on a 1976 judgment

Haas received against Brandvold. Haas noticed review of denial of a motion for attorney fees and costs.

We affirm.

## FACTS

On September 8, 1976, Haas received a money judgment against Brandvold. On September 2, 1986, six days before the ten year statute of limitations expired, Haas served Brandvold with a summons and complaint commencing an action to renew the 1976 judgment. Brandvold did not interpose an answer or any responsive pleading.

Twenty days after service of the summons and complaint, Brandvold moved to strike the summons and complaint based, among other things, on lack of personal jurisdiction, insufficiency of process and insufficiency of service of process. *See* Minn.R.Civ.P. 12. Haas moved for costs and attorney fees claiming Brandvold's motion was frivolous and asserted solely to delay the proceeding and harass. *See* Minn.Stat. § 549.21 (1986). The motions were denied. Default judgment was entered against Brandvold.

## ISSUES

1. Was the summons insufficient because the only subscriber's address was a post office box?

2. Does the absence of a signed acknowledgment under Minn.Stat. § 549.21 (1986) render the complaint jurisdictionally defective?

3. Did the trial court err in denying Haas' motion for attorney fees and costs?

## ANALYSIS

 A claim of insufficient service of process challenges the way the summons was served. *See* Minn.R.Civ.P. 4.03(a). The affidavit of service states that a deputy sheriff handed the summons and complaint to Brandvold on September 2, 1986. The record does not support a claim of insufficient service of process.

### 1. *Summons*

█ A claim of insufficiency of process questions the validity of the summons itself. Brandvold reasoned that without a street address, the summons was insufficient and the court lacked personal jurisdiction.

> A summons is not a process. It is a mere notice to defendant that an action against him has been commenced and that judgment will be taken against him if he fails to answer. * * * This statute has been given a liberal construction to avoid defeating an action on account of technical and formal defects which could not reasonably have misled or prejudiced the defendant.

*Tharp v. Tharp*, 228 Minn. 23, 24–25, 36 N.W.2d 1, 2 (1949) (citations omitted). The summons must substantially comply with the requirements of the rules. *See Schultz v. Oldenburg*, 202 Minn. 237, 242–43, 277 N.W. 918, 921 (1938) (reviewing cases involving defects in summons); *Francis v. Knerr*, 149 Minn. 122, 124, 182 N.W. 988, 989 (1921). An early Minnesota case found a summons requiring service of an answer "at [subscriber's] office in the city of Rochester, Minnesota" designated the place of service "with sufficient certainty" to be in substantial compliance. *Hotchkiss v. Cutting*, 14 Minn. 537 (Gil. 408, 411) (1869).

Under the current rules, a valid summons shall

> be subscribed by the plaintiff or by his attorney, [and] give an address within the state where the subscriber may be served in person and by mail * * *.

Minn.R.Civ.P. 4.01. The Special Rules for the Fourth Judicial District Court of Minnesota require:

> All pleadings, motions and other papers offered to the Court Administrator for filing * * * shall include * * * the attorney's name, office address, and telephone number.

4th Jud.Dist.Spec.R. 1.01(c).

█ Here, the summons and complaint gave the subscriber's address as follows:

> P.O. Box 303
> Sleepy Eye, MN 56085
> (507) 794–5711

Given the rural location, the name of the town and the telephone number provided substantial compliance with both the Minnesota Rules of Civil Procedure and Fourth Judicial District Special Rules. Though full compliance is preferred and would have been easy to achieve, Brandvold had notice of the court, the nature of the suit, the necessity for an answer and the consequences if an answer is not served within twenty days. There is no evidence that Brandvold tried, but was unable, to serve an answer. Because of these particular facts, the summons was not insufficient.

### 2. *Signed acknowledgment*

█ Minn.Stat. § 549.21 (1986) provides:

> The parties by their attorneys in any civil action shall attach to and make a part of the pleading served on the opposite party a signed acknowledgment stating that the parties acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party * * *.

Brandvold claims that the absence of a signed acknowledgment accompanying the complaint renders the complaint jurisdictionally defective. However, the court could fashion an appropriate sanction short of dismissal of the complaint. For example, the party who has failed to provide a signed acknowledgment may be estopped from claiming a lack of notice that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party. The absence of a signed acknowledgment is not a jurisdictional defect.

### 3. *Denial of attorney fees and costs*

An award of attorney fees will not be disturbed on appeal absent an abuse of discretion. *See National Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704, 709 (Minn.Ct.App.1984). The trial court did not abuse its discretion in denying Haas' motion for attorney fees.

## DECISION

Given these particular facts, the summons substantially complied with Minn.R. Civ.P. 4.01 and local rules. The absence of a signed acknowledgment did not render the complaint jurisdictionally defective. The denial of attorney fees and costs is within the discretion of the trial court.

Affirmed.