**Charles H. WISE, as guardian ad litem for Helen M. Kocemba, Appellant,**

v.

**Milton H. BIX, Respondent,**

No. C4–88–2366.

Court of Appeals of Minnesota.

Jan. 31, 1989.

Robert Dygert, Dygert & Wise, Minneapolis, for Charles H. Wise, as guardian ad litem for Helen M. Kocemba.

James Crist, Maser & Amundson, Minneapolis, for Milton H. Bix.

Dale Wagner, Moss & Barnett, Minneapolis, for Luana Webster, individually and as conservator for Helen M. Kocemba.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and RANDALL, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The guardian ad litem for Helen Kocemba seeks review of the trial court's dismissal of his suit against Luana Webster, the former conservator, and Milton Bix, as counsel for conservator Webster and the estate. The appeal papers were timely filed with the Clerk of the Appellate Courts on November 15, 1988. An affidavit of service indicated that counsel for the adverse parties had been served by mail on November 14. In fact, the notice of appeal directed to counsel for Milton Bix was sent to *6400* France Avenue. The correct address is *6600* France Avenue. (Appellant's counsel makes no claim that he was unaware of the correct address, or that respondent's counsel ever maintained offices at 6400 France Avenue.) The envelope containing the appeal papers was returned to the sender, placed inside a large envelope which was correctly addressed, and then deposited in the mail after the time for appeal expired.

Respondent Bix moves to dismiss the appeal for lack of timely service. Appellant claims that service was timely accomplished, despite the incorrect address.

### DECISION

This court may not extend the time for taking an appeal. Minn.R.Civ.App.P. 126.02. An appeal may be taken from a final judgment within 90 days after its entry. Minn.R.Civ.App.P. 104.01. The 90th day from August 18, when the judgment of dismissal was entered, was November 16.

An appeal is made by filing a notice of appeal with the Clerk of the Appellate Courts. Minn.R.Civ.App.P. 103.01, subd. 1. The notice must contain proof of service upon the adverse parties. *Id.* As the 1983 Comment to Rule 103.01 indicates, a notice of appeal must be timely served *and* filed "in order to vest jurisdiction in the Court of Appeals." Where an appellant fails "to serve respondent with notice of his appeal within the 90-day limit" for appeal from a judgment, "this court has no jurisdiction to

consider the matter." *Petersen v. Petersen*, 352 N.W.2d 797, 797 (Minn.Ct.App. 1984).

The appeal papers were mailed to an incorrect address on November 14, before the time for appeal expired. However, they were not correctly addressed and deposited in the mail until November 17, one day after the appeal time expired. The issue is thus whether service was accomplished by the initial mailing.

"Service on a party represented by counsel shall be made on the attorney." Minn. R.Civ.App.P. 125.02. It was, therefore, proper for the appeal papers to be served on counsel for respondent Bix, and not on Bix directly. Service under the Rules of Civil Appellate Procedure may be personal or by mail. Minn.R.Civ.App.P. 125.03. Personal service is accomplished by delivering the documents "to the attorney or other responsible person in the office of the attorney, or to the party, if not represented by counsel, in any manner provided by Rule 4, Minnesota Rules of Civil Procedure." *Id.* This reference to the Rules of Civil Procedure indicates that cases dealing with sufficiency of service in the trial courts may be illuminating.

Filing by mail is dependent upon (a) addressing the documents to the Clerk of the Appellate Courts and (b) depositing them in the mail within the time permitted for filing. Minn.R.Civ.App.P. 125.01. "Service by mail is complete on mailing[.]" Minn.R. Civ.App.P. 125.03. "Mailing" is not further defined. Whether the timely deposit of an incorrectly addressed envelope constitutes "mailing" within the meaning of Rule 125.03 cannot be resolved solely by reference to the Rules of Civil Appellate Procedure.

■ In Minnesota, service by mail has long been held to be complete when papers are *properly* mailed. *Hoff v. Northwestern Elevator Co.*, 120 Minn. 224, 226, 139 N.W. 153, 154 (1913). Where papers are incorrectly addressed, returned to the sender, and then remailed, service is *not* made at the time of the initial mailing. *Town Board of Marshan v. City Council of Hastings*, 298 N.W.2d 353, 355 (Minn.1980)

(since service is complete only upon *proper* mailing, papers affected by "minor addressing defects" were not timely).

■ Many other jurisdictions also require *proper* mailing before service by mail is deemed accomplished. For instance, where a Pennsylvania statute conditioned the exercise of long-arm jurisdiction upon service on the Secretary of State and service by registered mail to the defendant's last known address, service was deemed insufficient where mail was addressed to *55* Concord Road and the defendant's last known address was actually *51* Concord Road. *Phillips v. Flynn*, 61 F.R.D. 574, 577 (E.D.Pa.1974). There, as here, the adverse party did not receive the misaddressed mail.

Some imprecision in addresses may be tolerated in a *rural* area. *See Haas v. Brandvold*, 418 N.W.2d 511 (Minn.Ct.App. 1988) (summons which included town, post office box, and telephone number held sufficient, in light of rural location and defendant's actual receipt of timely notice). Unlike *Haas*, the error made in addressing the appeal papers in this case actually prevented timely service. In addition, the area where counsel for Milton Bix maintains his offices is near Southdale Shopping Center, and it is far from rural. It is a heavily developed urban area, containing dozens of office buildings and literally hundreds of individual business offices. *See Gluszek v. Richardson*, 352 F.Supp. 1087 (E.D.Pa. 1972) (applying Florida law and holding that failure to use street address in service by mail directed to large community renders service ineffective).

The appellant has cited no authority, and our research has disclosed none, which deems service by misaddressed mail to be complete upon mailing. We hold that service was not timely made upon counsel for Bix. We need not dismiss the entire appeal, since counsel for respondent Webster was timely served. *See Hibbing Educational Association v. Public Employment Relations Board*, 342 N.W.2d 355 (Minn.Ct.App.1984) (where timely service was made upon some parties, appeal could

continue against them despite dismissal of parties not properly served).

We take this opportunity to caution counsel against waiting until the end of the appeal period to effect service and filing. If the appeal papers in this case had been mailed just one week before the time for appeal expired, they would have been returned to appellant's counsel in time for proper service to be made. Unfortunately, service by properly addressed mail was not timely made, and that portion of the appeal which relates to Milton Bix must be dismissed.

Motion to dismiss portion of appeal granted.