In the Matter of the Petition of Raymond A. JOHNSON and Gladys M. Johnson, for the alteration of the Plat of Westview that is located in the Town of Nessel, County of Chisago, State of Minnesota, Respondents,

v.

NESSEL TOWN, et al., Defendants,

Floyd G. Olson, et al., Appellants.

No. C5-91-2435.

Court of Appeals of Minnesota.

July 14, 1992.

Daniel P. DeWan, Jennings, DeWan & Anderson, P.A., North Branch, for respondents.

Barry L. Blomquist, North Branch, for appellants.

Considered and decided by LANSING, P.J., and NORTON and DAVIES, JJ.

## OPINION

NORTON, Judge.

Appellants, the Olsons, challenge the trial court determination that a parcel of land, never dedicated to the public when platted, is not a town road. The Olsons characterize their appeal as from the partial summary judgment entered before trial. Upon three cross-motions for summary judgment, the trial court denied the Olsons' motion in an order implicitly granting Nessel's motion, holding that a street shown on a plat was not a town road and that Nessel therefore lacked the right to vacate the street. After the trial between the Olsons and respondents, the Johnsons, resolving the remaining issues, the Olsons brought this appeal, serving the notice of appeal upon the Johnsons, but not upon defendant Nessel. We dismiss.

### FACTS

Respondents Mr. and Mrs. Johnson, now both deceased, developed Westview Addition. The plat filed in 1959 shows ten lakeshore lots with frontage on Sunset Drive, which runs parallel to the shoreline. Just past the last lot at one end is a smaller parcel designated "Lake Street." The plat dedicates Sunset Drive, but there is no language dedicating Lake Street.

Sunset Drive is a road but Lake Street is a grassy side lot which has been used for storage and access to the lake by the Johnsons and those who purchased Westview lots from them. The Johnsons continued to pay the property taxes on Lake Street and the land was never removed from the legal description of their remaining parcel. The Johnsons controlled Lake Street, deciding who would be permitted to use it for access to the lake.

In 1989, Mr. and Mrs. Johnson brought a petition for alteration of the Westview plat. The Johnsons sought to change the designation of Lake Street to "Outlot A" and asked the court to determine that they were the fee owners. The Johnsons named as defendants the Township of Nessel, in which the platted land is located, and the owners of each of the ten lots in the West-

view plat. Only Nessel and the owner of Lot 10, adjacent to Lake Street, answered the petition.

In its answer, Nessel agreed that it had never accepted Lake Street as a town road. Nessel asked the court to determine whether Lake Street was a public parcel and that if it were, to determine which governmental unit had jurisdiction.

At the time of the petition, appellants Floyd and Nancy Olson had not yet purchased Lot 10. Their predecessor in interest answered alleging that the Johnsons were estopped from claiming Lake Street was private property. The answer also sought judgment that Lake Street is a dedicated street. The Olsons' predecessor also counter-petitioned for a determination that Lake Street was dedicated to the public and was a town road under Minn.Stat. § 164.01, et seq., within the jurisdiction of Nessel. Because Lake Street had never been opened and would not now serve any useful purpose, the counter-petition alleged, Lake Street should be vacated. As the practical result of vacation, Lake Street would have become part of the adjacent property, Lot 10.

After the answers and counter-petition were filed, each of the three parties to this lawsuit moved for summary judgment. The Olsons sought summary judgment that Lake Street was a dedicated street, was under the jurisdiction of Nessel, and that Nessel could vacate it. The Johnsons sought summary judgment that Lake Street was not useless for the purpose for which it was laid out. Nessel sought summary judgment that Lake Street was not a town road and that Nessel could not vacate it.

On June 3, 1991, arguments on these cross-motions were heard; the trial court's order filed July 11, 1991 denied the Olsons' motion for summary judgment and held that Nessel did not have jurisdiction over Lake Street and lacked the authority to vacate it. The trial court determined that Lake Street was not a town road within the meaning of Minn.Stat. § 164.01, et seq.

The remaining issues were tried between the Johnsons and the Olsons and a final judgment was entered on November 12, 1991. Nessel did not participate in the trial, its interests having been resolved by the partial summary judgment. The trial court found no reason to change the name of the parcel to "Outlot A" and ordered that the Johnsons be determined to be the fee owners of Lake Street.

The Olsons made no post-trial motions but instead then filed a notice of appeal from the judgment entered November 12, 1991 by Judge Slattengren 'incorporating and preserving for appeal an order entered July 11, 1991' by Judge Gunderson. The Olsons appealed from the partial summary judgment only and therefore indicated a transcript was not required. The Olsons served their notice of appeal, however, only on the Johnsons; they did not serve a notice of appeal upon Nessel.

This court, at special term, ordered this case removed from the calendar for oral argument because the Olsons' brief was not timely filed. Minn.R.Civ.App.P. 134.-01(b). The Johnsons' brief was timely filed. In their brief, the Johnsons argued that the appeal must be dismissed because Nessel is an adverse party and should have been served with notice of the appeal. The Johnsons did not, however, file a motion to dismiss this appeal.

## ISSUE

Does this court have jurisdiction over the appeal?

## ANALYSIS

■ The Olsons denominate their appeal as taken from a final judgment entered November 12, 1991 specifically incorporating the partial judgment entered July 11, 1991. The two issues raised on appeal were both decided in favor of Nessel and against the Olsons in the partial summary judgment. That trial court denied the Olsons' motion for summary judgment and implicitly granted Nessel's motion for summary judgment. No issues decided in the later trial of this matter are challenged on appeal. The Olsons' notice of appeal and

statement of the case indicate this appeal is from the summary judgment.

An appeal is made by filing a notice of appeal with the clerk of the appellate courts. Minn.R.Civ.App.P. 103.01, subd. 1. This notice must contain proof of service on the adverse party or parties and the names, addresses and telephone numbers of opposing counsel and the parties they represent. Minn.R.Civ.App.P. 103.01, subd. 1(a), (d). The notice of appeal must be served on both the adverse party and the clerk of the trial court and filed with the clerk of the appellate courts to *vest* jurisdiction in the court of appeals. Where an appellant fails to serve a respondent with notice of the appeal within the 90–day limit for appeal from a judgment, this court has no jurisdiction to consider the appeal. *Wise v. Bix*, 434 N.W.2d 502, 503–04 (Minn. App.1989). Where multiple parties are involved and a party is not served, the portion of the appeal relating to that party is dismissed. *Id.* at 505.

In *Wise*, the appellant mailed a notice of appeal to one of the respondents, but at an inaccurate address. The notice was returned as undeliverable. The notice was then addressed properly and mailed to the respondent, who in fact received it. The second mailing, however, was not made until after the time to appeal had expired. Respondent moved to dismiss the appeal for lack of timely service. This court held that the notice of appeal was not mailed to respondent until the second mailing when it was correctly addressed, and that the second mailing was made after the time to appeal had expired. This court granted the motion to dismiss that portion of the appeal which related to that respondent. *Id.*

In the present case, the Olsons did not attempt to serve Nessel. Because the Olsons appeal two issues regarding whether Lake Street is a town road, issues decided in favor of and necessarily involving Nessel, the appeal with respect to those issues must be dismissed. *Wise*, 434 N.W.2d at 505. After the issues involving Nessel are excised, there are no issues raised on appeal.

## DECISION

The failure to serve the notice of appeal upon a party requires dismissal of the appeal from those issues decided in favor of that party. There being no other issues raised on appeal, this court lacks jurisdiction of the appeal.

Dismissed.