**STATE of Minnesota, Respondent,**

v.

**Kevin Ross BARRETT, Appellant.**

No. A04–29.

Supreme Court of Minnesota.

April 21, 2005.

Mike Hatch, Attorney General, St. Paul, MN, Jeffrey R. Edblad, Isanti County Attorney, Thad N. Tudor, Assistant Isanti County Attorney, Cambridge, MN, for Respondent.

John Stuart, State Public Defender, Lawrence Hammerling, Assistant Public Defender, Minneapolis, MN, for Appellant.

## OPINION

ANDERSON, RUSSELL A., Justice.

■ In this case, we conclude that failure to serve notice of appeal upon the State Public Defender, as required by Minnesota Rules of Criminal Procedure 28.04, subd. 2(2), deprives the court of appeals of jurisdiction over a prosecuting attorney's pretrial appeal. We reverse the decision of the court of appeals to the contrary and remand to the district court for entry of judgment dismissing the complaint.

Appellant Kevin Ross Barrett was charged on June 17, 2003 with fifth-degree possession of a controlled substance, as the result of methamphetamine found by a police officer during a search of Barrett's car in Isanti County. Following an omnibus hearing, the district court concluded that the search of the car was unlawful and granted the motion of Barrett's public defender to suppress the methamphetamine as evidence, and to dismiss the charge.

The prosecuting attorney appealed the district court's pretrial order, but failed to serve the notice of appeal upon the State Public Defender, as required by Minn. R.Crim. P. 28.04, subd. 2(2). The prosecutor served the notice of appeal by mail

upon Barrett's public defender at her office in Isanti County, but before the district court issued its order, Barrett's public defender had moved from her Isanti County office to the Washington County Public Defender's Office. She did not receive the mailed notice of appeal, nor was she aware of the district court's order.[1] Unaware of the prosecuting attorney's appeal, neither Barrett, his public defender nor the State Public Defender filed an appellate brief and, by failing to timely file a brief, Barrett forfeited the right to oral argument. *See* Minn. R.Crim. P. 28.02, subd. 13(1); 28.04, subd. 2(4). In an unpublished opinion, the court of appeals reversed the district court. *State v. Barrett*, 2004 WL 1445589 (Minn.App. June 29, 2004).

After learning of the court of appeals decision, the State Public Defender on Barrett's behalf filed a motion with the court of appeals to vacate the opinion and dismiss the appeal based on failure to serve the State Public Defender with the notice of appeal. The court of appeals denied the motion. We granted Barrett's petition for review of both the order denying the motion and the decision reversing the district court.

## I.

Because jurisdiction is a question of law, our standard of review is de novo. *In re Welfare of J.R., Jr.*, 655 N.W.2d 1, 2 (Minn.2003). To determine whether failure to serve notice of appeal upon the State Public Defender deprives the court of appeals of jurisdiction, we first look to Minn. R.Crim. P. 28.04, subd. 2(2), which allows prosecuting attorneys a limited right of appeal from a pretrial order. We construe and interpret de novo our rules of

procedure. *State v. Hugger*, 640 N.W.2d 619, 621 (Minn.2002).

Under this rule, a prosecution appeal from a pretrial order must be taken within five days after the prosecutor is served with notice of entry of the order or is notified in court of the order, whichever occurs first. Minn. R.Crim. P. 28.04, subd. 2(8). Upon oral notice that the prosecutor intends to appeal, the district court must stay proceedings for five days to allow time to perfect the appeal. *Id.*, subd. 2(1). To appeal, the prosecuting attorney must file with the clerk of appellate courts a notice of appeal, a statement of the case, and a written request for transcripts, all of which "shall have attached at the time of filing, proof of service on the defendant or defense counsel, the State Public Defender, the attorney general for the State of Minnesota, and the clerk of the trial court in which the pretrial order is entered." *Id.*, subd. 2(2).

Rule 28.04, subdivision 2, lists certain procedural shortcomings that may not be fatal to the prosecutor's pretrial appeal:

> Failure to serve or file the statement of the case, to request the transcript, to file a copy of such request, or to file proof of service does not deprive the Court of Appeals of jurisdiction over the prosecuting attorney's appeal, but it is ground only for such action as the Court of Appeals deems appropriate, including dismissal of the appeal.

Minn. R.Crim. P. 28.04, subd. 2(2). Absent from this list of nonjurisdictional shortcomings is the failure to actually serve the notice of appeal on the State Public Defender. By negative implication, the language of the rule supports the con-

---

1. Nor did Barrett's public defender receive a copy of the clerk of appellate courts' subsequent notice to the prosecuting attorney that the notice of appeal had not been served upon the Attorney General. Service upon the Attorney General is also required by Rule 28.02, subd. 2(2).

clusion that failure to serve the notice on the State Public Defender is a jurisdictional defect.

Outside the context of pretrial prosecution appeals, our rules of procedure sometimes make the filing of the notice of appeal the sole jurisdictional prerequisite to vest jurisdiction in the appellate courts. For example, in the case of a defendant's appeal from conviction or an adverse postconviction order, "[f]ailure of the defendant to take any other step than timely filing the notice of appeal does not affect the validity of the appeal * * *." Minn. R.Crim. P. 28.02, subd. 4(1).[2] The same language is used in provisions governing prosecution appeals from an adverse postconviction order, or from a judgment of acquittal, vacation of judgment or order granting a new trial following a guilty verdict by the jury. Minn. R.Crim. P. 28.04, subds. 6, 7. *See also* Minn. R. Juv. Delinq. P. 21.03, subd. 2(B) (stating "[e]xcept for the timely filing of the notice of appeal," a party's failure to comply with the appellate rules does not affect the validity of the appeal). In other cases, service of the notice of appeal upon a party is also required to vest jurisdiction in the appellate court. *See, e.g.,* Minn. R. Civ.App. P. 103.01, subd. 1, & advisory comm. cmt.— 1998; *In re Welfare of J.R., Jr.,* 655 N.W.2d at 3 (applying predecessor to Minn. R. Juv. Prot. P. 47.02). Because our rules of procedure provide that failure to serve the notice of appeal is a jurisdictional defect in some types of cases but not others, we do not believe it was a mere oversight to exclude the failure to serve the notice upon the State Public Defender from the list of nonjurisdictional defects in Minn. R.Crim. P. 28.04, subd. 2(2).

In the unique context of pretrial prosecution appeals, the purpose of the requirement that the State Public Defender be served with the notice of appeal also supports the conclusion that failure to do so is a jurisdictional defect. Minn. R.Crim. P. 28.04, subd. 5, requires an indigent defendant who desires representation by counsel in a pretrial prosecution appeal to proceed under Minn. R.Crim. P. 28.02, subd. 5. The latter rule provides that application is made to the State Public Defender's Office, and if that office determines that the defendant is eligible for representation, "the State Public Defender is automatically appointed for that purpose without order of the court." Minn. R.Crim. P. 28.02, subd. 5(1), (5). Thus, it is the State Public Defender who is appointed as appellate counsel for indigent defendants in pretrial prosecution appeals. From the date the notice of appeal is filed and served, the time the State Public Defender has to determine client eligibility, examine the file, conduct legal research and complete a brief can be as short as 23 days. *See* Minn. R.Crim. P. 28.04, subd. 2(3) (setting out 15– and 8–day briefing schedule). The requirement that the State Public Defender be served with the notice of appeal facilitates that office's ability to perform its duties within the very abbreviated timelines for pretrial prosecution appeals.

Construing as jurisdictional the requirement of Rule 28.04, subd. 2(2), that the prosecutor serve the State Public Defender with the notice of appeal is also in keeping with the principle that rules governing pretrial prosecution appeals are strictly construed. Historically, the prose-

2. The comment to this rule expressly states that the timely filing of the notice of appeal "is the jurisdictional prerequisite for the appeal." Minn. R.Crim. P. 28.02, subd. 4 cmt. Although we have not adopted the comments

and are not bound by them, we note that no similar statement appears in the comment to Rule 28.04, subd. 2, governing pretrial prosecution appeals.

cution lacked any authority to appeal absent express legislative authorization. *Arizona v. Manypenny,* 451 U.S. 232, 245, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981); *see also In re Welfare of C.W.S.,* 267 N.W.2d 496, 498 (Minn.1978) (stating it is "axiomatic" that state's right to appeal in criminal proceedings is contrary to common law and must be expressly conferred by statute or must arise by necessary implication) (citation omitted). The need to restrict prosecution appeals reflected both "a prudential concern that individuals should be free from the harassment and vexation of unbounded litigation by the sovereign" and by the constitutional prohibition against double jeopardy which bars appeals following acquittal by a jury. *Manypenny,* 451 U.S. at 246, 101 S.Ct. 1657.

▇▇▇ In Minnesota, pretrial prosecution appeals have been permitted for nearly 40 years, initially by statute. Minn.Stat. § 632.11(3) (1967); Minn. R.Crim. P. 28.04, subd. 1(1). Such appeals are restricted in a number of ways, however. First, not all pretrial orders may be appealed. A pretrial order is not appealable if it is based solely on a factual determination that a complaint lacks probable cause or if it is an order dismissing a complaint in the interests of justice under Minn.Stat. § 631.21 (2004). Minn. R.Crim. P. 28.04, subd. 1(1). Next, in order for the appeal to be considered, as a threshold matter "the state must 'clearly and unequivocally' show both that the trial court's order will have a 'critical impact' on the state's ability to prosecute the defendant successfully and that the order constituted error."[3] *State v. Scott,*

584 N.W.2d 412, 416 (Minn.1998) (quoting *State v. Zanter,* 535 N.W.2d 624, 630 (Minn.1995)). Additionally, there are three events unique to pretrial prosecution appeals that can terminate the appeal and require the case to proceed as if there had been no appeal. The attorney general may dismiss the appeal. Minn. R.Crim. P. 28.04, subd. 2(4). If the prosecution fails to timely file and serve its brief, the court will dismiss the appeal absent extraordinary circumstances. *State v. Keith,* 325 N.W.2d 641, 642 (Minn.1982). And if the case is not orally argued or considered without oral argument within a prescribed time, the court of appeals is prohibited from acting. Minn. R.Crim. P. 28.04, subd. 2(5). Finally, a pretrial prosecution appeal is the only type of criminal appeal in which attorney fees and costs are allowed to the adverse party. *Id.,* subd. 2(6).

There are good reasons for strictly construing the rule granting the prosecution the right to appeal a pretrial order. The appeal occurs while the defendant is awaiting trial, presumed innocent, and possibly confined. The defendant's right to a speedy trial is also implicated by the prosecution taking a pretrial appeal. We recognize that these interests are less compelling when the appeal is from a pretrial order dismissing the complaint, as here. But if the State Public Defender is not served with the notice of appeal an indigent defendant may be wholly deprived of representation on appeal, as occurred in this case. In this state, we have "a long tradition of assuring the right to counsel."

---

**3.** The critical-impact requirement originated in statute and was retained with some modifications by this court after adoption of the Rules of Criminal Procedure. Minn.Stat. § 632.12 (1967); *State v. Webber,* 262 N.W.2d 157, 159 (Minn.1977); *State v. Joon Kyu Kim,* 398 N.W.2d 544, 551 (Minn.1987). The rules require the prosecutor to include a statement

showing how the pretrial order has a critical impact on the prosecution, both when the prosecutor gives oral notice to the district court of intent to appeal the order and in the statement of the case filed with the notice of appeal. Minn. R.Crim. P. 28.04, subd. 2(1), (2).

*Friedman v. Comm'r of Pub. Safety,* 473 N.W.2d 828, 831 (Minn.1991). An appeal should not proceed if counsel for an indigent defendant is not notified of the appeal. Nor should indigent defendants be required to rely upon the timely forwarding of mailed service of the notice to the district public defender when the rules expressly provide for service upon the State Public Defender, who in all likelihood will be appointed counsel for the appeal.

■ When an appeal is not perfected, the failure to abide by the governing rules of procedure deprives the reviewing court of jurisdiction to hear the appeal. *In re Welfare of J.R., Jr.,* 655 N.W.2d at 3.[4] We hold that the court of appeals does not have jurisdiction over a pretrial prosecution appeal if the prosecuting attorney has failed to serve the notice of appeal upon the State Public Defender, as required by Minn. R.Crim. P. 28.04, subd. 2(2). We therefore vacate the opinion of the court of appeals, reverse its order denying the motion to dismiss the appeal, and remand to the district court for entry of judgment dismissing the complaint.

Vacated, reversed and remanded to the district court.

---

4. As we noted in *J.R., Jr.,* this court has "inherent authority to [accept] an appeal in the interests of justice even when the filing or service requirements set forth in a rule or statute have not been met." 655 N.W.2d at 3.

It is an "exceptional case," however, that merits such a departure from rules that are jurisdictional. *Id.* at 4. This is not such a case, and respondent has not requested us to invoke our inherent authority.