STATE of Minnesota, Appellant,

v.

Derrick Lamont BAYNES, Respondent.

No. A08–1914.

Court of Appeals of Minnesota.

June 9, 2009.

Lori Swanson, Attorney General, St. Paul, MN and Sarah E. Hilleren, Assistant Stearns County Attorney, St. Cloud, MN, for appellant.

John M. Stuart, Public Defender, St. Paul, MN and Mark D. Nyvold, Special Assistant State Public Defender, St. Paul, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; LARKIN, Judge; and HARTEN, Judge.

## OPINION

KLAPHAKE, Judge.

Following a trial, a jury found respondent Derrick Baynes guilty of four counts of murder for the shooting death of his girlfriend, Lucretia Dixon. The four counts were second-degree (intentional) murder, second-degree (unintentional) murder, first-degree (heat of passion) manslaughter, and second-degree (culpable negligence) manslaughter. At sentencing, the district court dismissed the second-degree (intentional) murder charge and the two manslaughter charges after ruling that the verdicts on these charges were legally inconsistent. The court sentenced respondent solely on the second-degree (unintentional) murder conviction.

In a post-trial sentencing appeal, the state challenges the district court's rulings, claiming that the district court erred in sentencing respondent only on the second-degree (unintentional) murder conviction because it lacked the authority to vacate the jury's verdict finding respondent guilty of intentional murder. Appellant also claims that the evidence was insufficient to support the convictions. Because these issues exceed our scope of review in a sentencing appeal brought by the state and because appellant seeks a remedy not authorized by law, we affirm.

## FACTS

In the early morning hours of May 20, 2006, respondent shot his live-in girlfriend, Dixon, during an argument. Respondent and Dixon lived in a St. Joseph townhouse with their two minor children. During a 911 call, respondent stated that he "killed [his] f——g girl arguing and fighting with her," but that he "didn't shoot her in the heart or anything."

Respondent was charged by criminal complaint with one count of second-degree murder under Minn.Stat. § 609.19, subd. 1(1) (2004) (intentional murder), one count of second-degree murder under Minn.Stat. § 609.19, subd. 2(1) (2004) (unintentional murder), and one count of being an ineligible person in possession of a firearm under Minn.Stat. § 624.713, subd. 1 (2004). Respondent pleaded guilty to the firearms charge, and the case proceeded to trial on the two remaining charges.

At trial, appellant introduced evidence attempting to show that the shooting was accidental and that it happened after a prolonged domestic dispute. Respondent claimed that when he returned to their townhouse after a cooling-off period, Dixon pointed a gun at him as he walked upstairs, and he shot her while attempting to disarm her.

The state's evidence contradicted respondent's version of the facts, showing that Dixon died of exsanguination as the result of a close-range gunshot wound to the chest that pierced her heart and other major organs. A neighbor heard a gunshot much earlier than the time of respondent's 911 call. A jail detainee testified that while in jail, respondent confessed to him that he shot Dixon after arguing with her about his infidelity and her plan to move to Chicago, and admitted that he delayed the 911 call in order to concoct a

story to make Dixon's death appear accidental. Further, several of Dixon's co-workers, family members, and neighbors testified that respondent physically and verbally abused Dixon, and that she had planned to leave him and move back to Chicago with the couple's children.

Before the case was submitted to the jury, the district court ruled that the evidence was sufficient to warrant the inclusion of instructions on two lesser-included offenses: first-degree manslaughter under Minn.Stat. § 609.20(1) (2004) (heat of passion), and second-degree manslaughter under Minn.Stat. § 609.205(1) (2004) (culpable negligence). Counsel for both parties did not object to submission of verdicts to the jury on the four charges, nor did they request a jury instruction to address contradictions in the intent elements of the four charges. The jury found respondent guilty of all four charges.

Respondent filed post-verdict motions asking the district court to dismiss the three charges of intentional and unintentional murder and first-degree manslaughter (heat of passion) as legally inconsistent with the guilty verdict of second-degree manslaughter (culpable negligence). In a post-trial order, the district court ruled that the verdicts were legally inconsistent, but it held that the appropriate guilty verdict would be second-degree unintentional murder. The district court stated that because

> the jury made a finding that the killing was committed in the heat of passion ... the finding of guilty of Manslaughter in the First Degree cancels out the charge of Second Degree Intentional Murder due to the finding of "heat of passion" mitigation by the jury. As such, it is appropriate to sentence [respondent] on Second Degree Unintentional/Felony Murder ... but dismiss Second Degree Intentional Murder,

Manslaughter in the First Degree, and Manslaughter in the second Degree.

Before sentencing, appellant challenged this ruling. In an unpublished opinion, this court dismissed the appeal as premature without reaching the merits, concluding that the state lacked authority under the criminal rules of procedure to assert an appeal before sentencing. *State v. Baynes,* No. A07–0723, 2008 WL 2492264, at *4 (Minn.App. June 24, 2008). Upon remand, the court imposed a 165–month prison sentence on respondent's second-degree murder conviction, a concurrent 60–month sentence on the firearms conviction, and dismissed the other charges.

## ISSUE

In a post-trial sentencing appeal brought by the state, may an appellate court decide issues concerning legal inconsistencies in murder and manslaughter verdicts and sufficiency of the evidence supporting those verdicts?

## ANALYSIS

■ Minn. R.Crim. P. 28.04, subd. 1(2), authorizes the prosecuting attorney to "appeal as of right to the Court of Appeals ... in felony cases from any sentence imposed or stayed by the trial court." On appeal of a sentence, Minn. R.Crim. P. 28.05, subd. 2, limits the district court's scope of review to a determination of "whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact."

■ The state's limited right to appeal a sentencing decision does not implicate the Fifth Amendment prohibition against double jeopardy. *United States v. DiFrancesco,* 449 U.S. 117, 136–38, 101 S.Ct. 426, 437–38, 66 L.Ed.2d 328 (1980); 9

Henry W. McCarr & Jack S. Nordby, *Minnesota Practice* § 37.23 (3d ed. 2001) ("The prosecution's right to appeal does not violate the ... double jeopardy clause."). But we must strictly construe the rules governing the state's right to appeal in a criminal case. *State v. Barrett,* 694 N.W.2d 783, 786 (Minn.2005); *City of Albert Lea v. Harrer,* 381 N.W.2d 499, 501 (Minn.App.1986).

While appellant has the right to perfect a sentencing appeal and this court has jurisdiction to hear that appeal, the issues appellant attempts to raise exceed our permitted scope of review under rule 28.05, subd. 2. Appellant makes two contentions: (1) that the verdicts are inconsistent because they rely on contradictory mental-state elements—specific intent to commit second-degree (intentional) murder and first-degree manslaughter (heat of passion); and (2) that the evidence is insufficient to support the verdicts. These are not issues that are reviewable in a sentencing appeal brought by the state under Minn. R.Crim. P. 28.05, subd. 2, especially in light of the narrow construction this court is to apply to the state's right to appeal under the rules. *Barrett,* 694 N.W.2d at 786.

The proper remedy for a legally inconsistent verdict is a new trial, a remedy not authorized in a sentencing appeal brought by the state under rule 28.05. *See* Minn. R.Crim. P. 28.05, subd. 2; *State v. Moore,* 458 N.W.2d 90, 93–96 (Minn.1990) (ruling that *defendant* who successfully claims that he was found guilty by legally inconsistent verdicts is entitled to a new

trial). Appellant concedes that the verdicts on second-degree (intentional) murder and first-degree manslaughter (heat of passion) are legally inconsistent, because these crimes depend on contradictory findings on the elements of intent and the presence of heat of passion mitigates intentional murder. *See State v. Auchampach,* 540 N.W.2d 808, 817 (Minn.1995) (recognizing heat of passion mitigates first-degree pre-meditated murder to first-degree manslaughter). Rather than seeking a new trial, appellant asks this court to vacate respondent's conviction or enter a judgment of acquittal—also not remedies available under the rules governing a sentencing appeal. We conclude that Minn. R.Crim. P. 28.05, subd. 2, a rule pertaining to *sentencing* appeals, does not permit this court to grant the remedies sought by appellant here.[1]

## DECISION

Because the issues raised by appellant regarding the legal inconsistencies of the jury verdicts and the sufficiency of the evidence to support those verdicts exceed our scope of review in a sentencing appeal brought by the state, and the remedies sought by appellant are not among the permissible remedies this court may grant in such an appeal, we affirm.

**Affirmed.**

HARTEN, Judge,* concurring specially.

HARTEN, Judge (concurring specially).

This appeal would likely not have been necessary had the district court given the

---

1. As an independent basis for affirming, respondent argues that appellant's filing of the notice of appeal was untimely because it was not within the 10–day requirement for appeals from a judgment of acquittal or vacation of a judgment after a jury verdict of guilty. *See* Minn. R.Crim. P. 28.04, subd. 8(2). As the appeal is from the sentence imposed,

however, Minn. R.Crim. P. 28.05, subd. 1(1), allows the state "90 days after judgment and sentencing" to file its notice of appeal. Thus, the state's appeal was timely.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

jury instruction in CRIMJIG 11.37, which would have told the jury that an accused cannot be found guilty of both heat-of-passion manslaughter and intentional murder. The state did not request that instruction and the district court did not give it sua sponte. This was not model jury guidance. Under the circumstances, I concur in the result.