STATE of Minnesota, Appellant,

v.

Robert John DORCY, Jr., Respondent.

No. A09–1930.

Court of Appeals of Minnesota.

Feb. 9, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and Thomas N. Kelly, Wright County Attorney, Aaron D. Duis, Assistant

County Attorney, Buffalo, MN, for appellant.

Thomas H. Shiah, Law Office of Thomas H. Shiah, Minneapolis, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; KLAPHAKE, Judge; and BJORKMAN, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

Respondent Robert John Dorcy, Jr. has filed a motion to dismiss this prosecution pretrial appeal because the appellant State of Minnesota failed to timely serve its notice of appeal on the state public defenders office (SPDO), as required by Minn. R.Crim. P. 28.02, subd. 2(2), (8). We grant the motion and dismiss the appeal.

## FACTS

The district court filed an order on October 13, 2009, suppressing testimony from the state's sole witness for *Brady* violations and dismissing the two gross misdemeanor driving while impaired (DWI) charges against respondent. On October 16, 2009, the district court administrator mailed a copy of the order to the prosecutor. The state filed a notice of appeal from the order by mail on October 23, 2009, and filed proof of service on respondents private counsel, the district court administrator, and the attorney general.

The clerk of the appellate courts sent the state a notice of case filing indicating that proof of service of the appeal papers on the SPDO was required. On October 28, 2009, the state filed an affidavit stating that it had served the SPDO on that date, but the address listed on the affidavit was 95 Law Center, University of Minnesota, Minneapolis, MN 55455, which is not the SPDO's current address. The state filed a second affidavit of service stating that it had served the SPDO on November 10, 2009, at 540 Fairview Avenue North, Suite 300, St. Paul, MN 55104, the SPDOs current address. Respondent has filed a motion to dismiss the appeal based on this untimely service on the SPDO.

## DECISION

In a prosecution pretrial appeal, the state has five days to file a notice of appeal, beginning on the date that either the defense or the district court administrator serves the notice of entry of the order being appealed. Minn. R.Crim. P. 28.04, subd. 2(8). The appeal papers must be accompanied by proof of service on the state public defender. *Id.*, subd. 2(2).

The state timely filed its notice of appeal by mail on October 23, 2009. But no proof of service on the SPDO accompanied the notice of appeal. When the state was notified of this deficiency in the appeal by notice of case filing, it attempted to remedy the deficiency by serving the SPDO on October 28. But this was after the time to appeal had expired, and the notice of appeal was mailed to the SPDO at the wrong address.

Service of the notice of appeal on the SPDO is a jurisdictional requirement in a prosecution pretrial appeal. *State v. Barrett*, 694 N.W.2d 783, 784 (Minn.2005). This court has consistently construed *Barrett* as making *timely* service of the notice of appeal on the SPDO a jurisdictional requirement. *Barrett* did not address the need for timely service because in that case the SPDO was never served with the notice of appeal. *Id.* at 784–85. But *Barrett* notes the expedited nature of prosecution pretrial appeals, the very limited time the SPDO has to act on them, and the impact they may have on defendants speedy-trial rights. *Id.* at 786–87. Thus, the only implication to be drawn from *Bar-*

*rett* is that tardy service on the SPDO is not sufficient and timely service is a jurisdictional requirement.

■ We also note that the states right to appeal in a criminal case is strictly construed. *City of Albert Lea v. Harrer,* 381 N.W.2d 499, 501 (Minn.App.1986). Interpreting *Barrett,* and the rule, to require timely service on the SPDO is both the most logical and the most appropriate construction.

■ The state attempted to serve the SPDO on October 28, 2009, two days after the appeal period expired. The states affidavit of service showed that the notice of appeal was mailed to a former address for the SPDO at the University of Minnesota Law School. Service is not complete, at least in an urban area, when papers are incorrectly addressed. *See Wise v. Bix,* 434 N.W.2d 502, 504 (Minn.App.1989). Thus, even if service on October 28 would have been timely, the service by the state was not complete on that date. This court has consistently required timely service on the SPDO at the correct, current address in order to satisfy the jurisdictional requirements of the rule and of *Barrett.*

■ Finally, although the state did not file a response to the motion to dismiss in this case, we note an argument made in similar cases. Respondent was represented in the district court by private counsel, rather than by a public defender, as was the case in *Barrett.* But the rule requires service of the notice of appeal on both "the defendant or defense counsel" and the state public defender. Minn. R.Crim. P. 28.04, subd. 2(2). The rule does not distinguish between private and appointed "defense counsel." Although the defendant in *Barrett* was represented by a public defender, the court did not limit its holding based on the nature of the district court representation. *See Barrett,* 694 N.W.2d

at 788 (holding "that the court of appeals does not have jurisdiction over a pretrial prosecution appeal if the prosecuting attorney has failed to serve the notice of appeal upon the State Public Defender"). The *Barrett* court provided some policy reasons for this strict construction of the rule that are limited to indigent defendants. *See id.* at 787 (noting failure to serve SPDO may deprive indigent defendant of representation on appeal). But by framing service on the SPDO as a jurisdictional requirement, the *Barrett* court necessarily announced a holding beyond the facts of the case before it or the policy reasons it cited.

This court is barred from extending the time to file an appeal except as provided in the rules. Minn. R.Crim. P. 28.01, subd. 3. There is no provision in the rules for this court to extend the time to file a prosecution pretrial appeal. *See* Minn. R.Crim. P. 28.04. Thus, this court lacks jurisdiction over this appeal.

**Appeal dismissed.**