STATE of Minnesota, Appellant,

v.

Marcus DeAngelo McKINNEY,
Respondent.

No. A13–1720.

Court of Appeals of Minnesota.

Dec. 9, 2013.

Lori Swanson, Attorney General, St. Paul, MN; and John J. Choi, Ramsey County Attorney, Laura Rosenthal, Assistant County Attorney, St. Paul, MN, for appellant.

Cathryn Middlebrook, Interim Chief Appellate Public Defender, Erik I. Withall, Assistant Public Defender, St. Paul, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; ROSS, Judge; and CHUTICH, Judge.

## SPECIAL TERM OPINION

JOHNSON, Judge.

Marcus DeAngelo McKinney pleaded guilty to domestic assault by strangulation and received a stayed sentence of 21 months of imprisonment. The state appealed from the sentence. McKinney moves to dismiss the appeal on the ground that it is untimely. We conclude that the state failed to timely serve the notice of appeal on the state public defender and, therefore, grant the motion to dismiss the appeal.

The state charged McKinney with three felony offenses. The state and McKinney entered into a plea agreement by which McKinney pleaded guilty to domestic assault by strangulation in exchange for the dismissal of the other two counts. At sentencing, the state sought an executed sentence of 24 months of imprisonment based on four criminal-history points. But the district court found that McKinney has only three criminal history points, determined that a sentence of 21 months was appropriate, and stayed execution of the sentence. The state seeks appellate review of the district court's sentence pursuant to rule 28.05, subdivision 1(1), of the Minnesota Rules of Criminal Procedure.

McKinney moves to dismiss the state's appeal on the ground that it is untimely. His argument has three parts: (1) the state failed to timely file the notice of appeal; (2) the state failed to timely serve the notice of appeal on the state public defender; and (3) the state failed to timely file an affidavit of service of the notice of appeal on the state public defender. The state opposes the motion.

## DECISION

In felony cases, the state may appeal as of right from a district court's imposition or stay of a sentence. Minn. R.Crim. P.

28.04, subd. 1(2). The procedures for a sentencing appeal are set forth in rule 28.05 of the Minnesota Rules of Criminal Procedure, which applies to sentencing appeals by either the state or by a defendant. In a sentencing appeal governed by rule 28.05, the appellant

> must file with the clerk of the appellate courts, within 90 days after judgment and sentencing:
>
> (a) a notice of appeal; and
>
> (b) an affidavit of service of the notice on opposing counsel, the Minnesota Attorney General, the court administrator, and in the case of prosecution appeals the State Public Defender's office.

Minn. R.Crim. P. 28.05, subd. 1(1), ¶ 1. At the time of filing the notice of appeal, the appellant also must file either an appellant's brief or a request for transcripts necessary for briefing. *Id.,* subd. 1(1), ¶¶ 2–3. "The clerk of the appellate courts must not accept a notice of appeal from sentence unless accompanied by the requisite briefs or transcript request and affidavit of service." *Id.,* subd. 1(1), ¶ 4.

### A.

■ McKinney first argues that the appeal should be dismissed because the state did not file the notice of appeal in a timely manner.

■ The timely filing of a notice of appeal with the clerk of the appellate courts is a jurisdictional requirement. *See Ford v. State,* 690 N.W.2d 706, 709 (Minn.2005). This court lacks the authority to extend the time to file a notice of appeal except as provided by the rules. *See* Minn. R.Crim. P. 28.01, subd. 3; *State v. Scott,* 529 N.W.2d 11, 12 (Minn.App.1995), *review denied* (Minn. Mar. 14, 1995). No provision in the Minnesota Rules of Criminal Procedure permits this court to extend the time in which to file a sentencing appeal. *See* Minn. R.Crim. P. 28.05; *cf.* Minn. R.Crim.

P. 28.02, subd. 4(3)(g) (authorizing extension of time, for good cause shown, for defendant to file notice of appeal in nonsentencing appeal). An appellant may file a notice of appeal by United States mail, and filing is timely if the notice of appeal is properly mailed within the time period allowed for an appeal. Minn. R. Civ.App. P. 125.01; Minn. R. Civ.App. P. 125, 1983 cmt.

In this case, McKinney was sentenced on June 11, 2013. Accordingly, the notice of appeal was due on September 9, 2013. *See* Minn. R.Crim. P. 28.04, subd. 1(2); 28.05, subd. 1(1). McKinney contends that the notice of appeal was untimely filed because it was not received by the clerk of the appellate courts until September 11, 2013. But it is irrelevant when the clerk of the appellate courts received the notice of appeal; the relevant question is when the state mailed the notice of appeal. *See* Minn. R. Civ.App. P. 125.01; Minn. R. Civ.App. P. 125, 1983 cmt. It is undisputed that the envelope containing the notice of appeal and other papers was properly addressed to the clerk of appellate courts and was postmarked September 9, 2013. Thus, the state filed the notice of appeal in a timely manner.

### B.

■ McKinney next argues that the appeal should be dismissed because the state did not serve the notice of appeal on the state public defender in a timely manner.

■ McKinney's motion is based on the premise that timely service of the notice of appeal is a jurisdictional requirement. That is the general rule in civil cases. Under the Minnesota Rules of Civil Appellate Procedure, timely service of a notice of appeal on the adverse party or parties is a jurisdictional requirement, the failure of which requires dismissal. *Janssen v. Best*

& Flanagan, LLP, 704 N.W.2d 759, 765 (Minn.2005); Johnson v. Nessel Town, 486 N.W.2d 834, 837 (Minn.App.1992); Wise v. Bix, 434 N.W.2d 502, 503–04 (Minn.App. 1989); Hansing v. McGroarty, 433 N.W.2d 441, 442 (Minn.App.1988), review denied (Minn. Jan. 25, 1989); Petersen v. Petersen, 352 N.W.2d 797, 797 (Minn.App.1984).

In the criminal context, the Minnesota Rules of Criminal Procedure expressly make an exception for non-sentencing appeals brought by defendants; in that situation, the only jurisdictional requirement is the timely filing of the notice of appeal, and "[t]he defendant's failure to take any step other than timely filing the notice of appeal does not affect the validity of the appeal." Minn. R.Crim. P. 28.02, subd. 4(1). But there is no similar provision in the Minnesota Rules of Criminal Procedure with respect to sentencing appeals, i.e., no provision that expressly makes an exception to the general rule that timely service of the notice of appeal is a jurisdictional prerequisite.

The supreme court has considered this issue in the context of a pretrial prosecution appeal. In State v. Barrett, 694 N.W.2d 783 (Minn.2005), the supreme court held that "the court of appeals does not have jurisdiction over a pretrial prosecution appeal if the prosecuting attorney has failed to serve the notice of appeal upon the State Public Defender, as required by Minn. R.Crim. P. 28.04, subd. 2(2)." Id. at 788. The supreme court based its decision on three considerations. First, the supreme court reasoned that rule 28.04, subdivision 2(2), expressly provides that certain other deficiencies in service and filing are mere "nonjurisdictional shortcomings," id. at 785, and that, by "negative implication," the "failure to serve the notice on the State Public Defender is a jurisdictional defect," id. at 785–86. Second, the supreme court reasoned that

timely service of the notice of appeal is essential because the state public defender has a relatively short period of time in which to "determine client eligibility, examine the file, conduct legal research and complete a brief." Id. at 786. And third, the supreme court reasoned that the state's right to bring a pretrial appeal must be narrowly construed. Id. at 786–87. Five years later, in State v. Dorcy, 778 N.W.2d 374 (Minn.App.2010), this court interpreted Barrett to require the state to effect timely service of a notice of appeal on the state public defender in a pretrial appeal brought pursuant to rule 28.04, subdivision 2(2). Id. at 375–76.

As in Barrett, no provision in the rules of criminal procedure states that service of the notice of appeal is not a jurisdictional requirement in a sentencing appeal. See Barrett, 694 N.W.2d at 785–86. Furthermore, as in Barrett, a defendant-respondent in McKinney's position may have only 10 days after service of the state's notice of appeal and sentencing brief in which to perform intake procedures and prepare a responsive brief. See id. at 786; see also Minn. R.Crim. P. 28.05, subd. 1(3). Thus, we conclude that timely service of the notice of appeal on the state public defender also is a jurisdictional requirement in a sentencing appeal brought by the state pursuant to rule 28.05.

In this case, the 90–day period in which the state was required to serve and file the notice of appeal expired on September 9, 2013, as stated above. It is undisputed that the state did not send the notice of appeal to the state public defender by mail until September 12, 2013, three days after it mailed the notice of appeal to the clerk of appellate courts. Thus, the state did not serve the notice of appeal on the state public defender in a timely manner. Because the state's failure to serve the notice of appeal on the state public defender in a

timely manner is a jurisdictional defect, we must dismiss the appeal. *See Barrett*, 694 N.W.2d. at 785–86; *Dorcy*, 778 N.W.2d at 375–76.

## C.

McKinney's second argument is a sufficient basis for granting his motion. Thus, we need not address his third argument, which seeks the same relief.

**Motion granted.**