*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A22-1832**
**A22-1833**

State of Minnesota,
Respondent,

vs.

Mitchel Jerome Kasper,
Appellant.

**Filed November 27, 2023**
**Affirmed**
**Bratvold, Judge**

St. Louis County District Court
File Nos. 69DU-CR-19-3009, 69DU-CR-20-2590

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kimberly J. Maki, St. Louis County Attorney, Michael D. Hagley, Assistant County Attorney, Duluth, Minnesota (for respondent)

Andrew C. Wilson, Wilson & Clas, Minneapolis, Minnesota (for appellant)

Considered and decided by Bratvold, Presiding Judge; Reyes, Judge; and Smith, Tracy M., Judge.

**NONPRECEDENTIAL OPINION**

**BRATVOLD**, Judge

This is a consolidated appeal from final judgments of conviction and sentences imposed after appellant pleaded guilty to one charge of third-degree criminal sexual conduct and three charges of possession of child pornography. Appellant argues that he

must be permitted to reenter his guilty pleas and be resentenced before a different judge. Appellant contends that the district court erred because the state previously had filed a timely notice of peremptory removal of the judge who subsequently presided over his plea hearing. Before sentencing, the presiding judge notified the parties of the removal order and heard arguments on how to proceed.

We conclude that the district court erred by failing to reassign appellant's case to a different judge for the plea hearing. Because the state waived its notice of removal before the district court accepted the pleas and imposed a sentence, and because appellant took "no position" on removal, we conclude that the district court did not err in proceeding with sentencing before the presiding judge. Finally, appellant does not assert, and we do not discern, any prejudice to appellant's substantial rights. Thus, we affirm.

**FACTS**

In August 2019, respondent State of Minnesota charged appellant Mitchel Jerome Kasper with, among other charges, third-degree criminal sexual conduct and possession of child pornography. The state filed an initial and a first amended complaint in court file 69DU-CR-19-3009 (file number 3009).

On February 28, 2020, the state filed a timely notice to remove Judge Jill Eichenwald in file number 3009 and an order granted the judge's removal. The district court reassigned file number 3009 to a different district court judge, who conducted several hearings not relevant to the issue on appeal.

In July 2020, the state notified the district court that the parties agreed to sever the charges and that it would file new complaints. The state filed a second amended complaint

2

in file number 3009, charging Kasper with six counts of possession of child pornography under Minn. Stat. § 617.247, subd. 4(a) (2014).[1] The state also filed a new complaint in court file 69DU-CR-20-2590 (file number 2590), charging Kasper with two counts of third-degree criminal sexual conduct under Minn. Stat. § 609.344, subd. 1(b) (2016).[2] Neither party filed a notice of removal in file number 2590, which appears to have remained unassigned.

Almost two years later, Judge Eichenwald presided over Kasper's plea hearing for both file numbers 3009 and 2590 on March 14, 2022. The parties informed the district court that they had reached a plea agreement that resolved both files.[3] Kasper agreed to plead guilty to one count of third-degree criminal sexual conduct in file number 2590 and three counts of possession of child pornography in file number 3009, and the state agreed to dismiss the remaining counts. The parties also agreed that Kasper could move for a departure from the sentencing guidelines. Under oath, Kasper entered guilty pleas as provided in the plea agreement. Kasper also waived his trial rights and provided a factual basis. The district court deferred acceptance of the pleas pending a presentence

---

[1] Section 617.247 was amended effective August 1, 2019. 2019 Minn. Laws 1st Spec. Sess. ch. 5, art. 4, § 17, at 995. Because the amended statute applied to one of the counts of which Kasper was not convicted, we cite to the language of the 2014 version, which applied at the time of the offenses of which Kasper was convicted.

[2] We cite the 2016 version of section 609.344 for both counts of criminal sexual conduct because the statute did not change between the offense dates.

[3] During the plea hearing, the parties discussed a signed plea petition, but no plea petition is in the appellate record.

investigation (PSI) and psychosexual evaluation. The district court then set the case for a sentencing hearing.

Judge Eichenwald presided over the sentencing hearing on August 30, 2022. Kasper moved for a dispositional departure in file number 2590 and for his convictions to be sentenced as a single behavioral incident in file number 3009. After Kasper's attorney concluded his arguments on these motions, the district court held a brief sidebar with the attorneys and then went back on the record.

The district court stated that it had reviewed the court file during the hearing and found the notice and order to remove in file no. 3009. The district court explained that during the COVID-19 pandemic, judges presided over felony calendars on a "general rotation." Kasper's second case, file number 2590, was filed during the pandemic and was never assigned to a judicial officer. The district court continued:

> It just so happens that in March of this year, [file numbers 2590 and 3009] were both in front of me and I took the plea. It was never reassigned to me, per se. I just handled it in the course of business. I should not have handled it. Court Administration should have flagged that removal and it should not have been scheduled in front of me.

The district court added that no one noticed the removal order during the plea hearing and that the removal order was still valid. The district court adjourned for 30 minutes so that it and the parties could determine "what we should do going forward."

After the hearing resumed, the parties discussed how to proceed. The state argued that peremptory removal is a "right and a remedy" and contended that because the state had exercised its right to remove Judge Eichenwald, it could also waive the right, which it

4

desired to do. Kasper asked for a recess of a few days to consider his position. The district court clarified that it was unaware of the removal order when it presided over the plea hearing and "would not have heard the case had [it] known." The district court also discussed whether the removal notice affected its impartiality, stating,

> [T]here is zero doubt in my mind that knowing that I had at one point in time been removed by the State, by a different prosecutor, under a different County Attorney, at a different point in time, would impact my decision on this case in any fashion. It just would not.

The district court continued the hearing for several days.

On September 2, 2022, the sentencing hearing resumed, and the parties stated their positions on the removal issue. Kasper's attorney stated that he found no cases directly on point and added, "I'm not going to take a position . . . . I'm going to let the Court come to its own decision on it." The state confirmed that it was withdrawing its notice of removal and waiving its right to remove Judge Eichenwald. The district court ruled that the state had the option to waive its notice of removal because peremptory removal is a procedural right and not a substantive right. The district court did not expressly mention the removal order, but Judge Eichenwald continued to preside over the hearing. Kasper raised a new argument in support of his sentencing motion, and the state asked for time to submit briefing. The district court granted the continuance.

The sentencing hearing resumed on October 3, 2022, with Judge Eichenwald presiding. Again, neither party objected to Judge Eichenwald presiding. Kasper summarized his arguments for his pending motions for a dispositional departure in file number 2590 and for his convictions in file number 3009 to be sentenced as a single

behavioral incident. The state opposed both motions. The district court denied Kasper's motions and stated that it could not find substantial and compelling reasons to depart from the sentencing guidelines. The district court accepted Kasper's guilty pleas, imposed concurrent sentences—including 70 months' imprisonment for one count of third-degree criminal sexual conduct—and dismissed three counts of possession of child pornography and one count of third-degree criminal sexual conduct. Kasper appeals.

## DECISION

Kasper argues that the district court erred because the judge who presided over his plea and sentencing hearings had been peremptorily removed by a court order. Kasper does not contend the error violated a specific right; in fact, Kasper acknowledges that peremptory removal rights are waivable and that no structural error occurred. He seeks reversal and an opportunity to plead guilty before and be sentenced by a different district court judge. The state urges affirmance, contending that the state waived its right of peremptory removal, Kasper failed to object to the district court's ruling allowing sentencing to proceed with Judge Eichenwald presiding, and Kasper did not claim or demonstrate any prejudice.

Minnesota Rule of Criminal Procedure 26.03, subdivision 14, governs removal procedures:

> (4) Notice to Remove. A party may remove a judge assigned to preside at a trial or hearing as follows:
> (a) A notice to remove must be served on the opposing counsel and filed with district court within seven days after the party receives notice of the name of the presiding judge at the trial or hearing;

6

(b) The notice must be filed before the start of the trial or hearing; and

(c) The notice is not effective against a judge who already presided at the trial, Omnibus Hearing, or evidentiary hearing if the removing party had notice the judge would preside at the hearing.

(5) After a party removes a judge under paragraph (4) that party may remove a subsequent judge only for cause.

Minn. R. Crim. P. 26.03, subd. 14(4)-(5).

The Minnesota Supreme Court has held that peremptory removal of a judge is a procedural right. *State v. Azure*, 621 N.W.2d 721, 724 (Minn. 2001). The supreme court specifically distinguished the right to peremptory removal of a judge from other "substantive rights." *Id*. Peremptory removal is "merely a step in the pretrial process and a method by which a judge may be replaced." *Id.* The purpose of peremptory removal "is to give the parties one automatic right to remove a judge before that judge presides over a proceeding involving a substantive issue in the matter." *State v. Dahlin*, 753 N.W.2d 300, 308 (Minn. 2008).

"[T]he right to peremptorily challenge a judge shall be liberally construed to safeguard in both fact and appearance the constitutional right to a fair and impartial trial." *Azure*, 621 N.W.2d at 724 (quotation omitted). Still, it is "equally true that the right of removal may be waived by failure to seasonably assert it." *Id.* (quotation omitted).[4] The

---

[4] The Minnesota Supreme Court has long recognized that "[e]xcept as limited by public policy, a person may waive any legal right, constitutional or statutory." *Martin v. Wolfson*, 16 N.W.2d 884, 890 (Minn. 1944). Further, courts need not "invoke for [a party] constitutional or statutory rights which he himself has voluntarily relinquished." *Id.* (discussing whether a hearing conformed with due-process requirements). Though *Wolfson*

7

supreme court has rejected the argument that the denial of a *defendant's* right to peremptory removal is "structural error that cannot be waived." *Dahlin*, 753 N.W.2d at 302 n.4.

## A.    Standard of Review

We must first determine our standard of review. Kasper argues that plain-error review does not apply because the third prong would "almost never" be satisfied. He contends that "[t]he third prong requires the error to have affected Appellant's substantial rights," but "because judges are presumed fair and impartial . . . a party is in no position to establish . . . that one judge presiding in another's stead would have resulted in a different outcome." He acknowledges that Minn. R. Crim. P. 26.03 does not discuss whether or how a party may withdraw a notice of removal or waive peremptory removal after removal has been ordered. Kasper contends that "there is a lack of appellate guidance" and points out that appellate courts review the interpretation of the rules of criminal procedure de novo. *See State v. Barrett*, 694 N.W.2d 783, 785 (Minn. 2005).

The state argues that plain-error review applies because Kasper did not object to Judge Eichenwald presiding over either the plea or sentencing hearings. The state further reasons that because he did not object, "Kasper is only entitled to review of the ruling allowing the State to waive a previously filed Notice of Removal if that ruling was plain error that affected his substantial rights."

An appellant's failure to object to a ruling in district court ordinarily precludes appellate review. *See, e.g.*, *State v. Darris*, 648 N.W.2d 232, 241 (Minn. 2002) (discussing

---

considered procedural hearing rights, the same principles guide our review of a peremptory removal.

an appellant's failure to object to a prosecuting attorney's statements). Yet an appellate court may consider an issue on appeal if it is plain error affecting an appellant's substantial rights even if the issue was not brought to the district court's attention. Minn. R. Crim. P. 31.02; *see also State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998) (determining that although the appellant "did not object to the jury instructions at trial, [appellate courts] have the discretion to consider [the] issue on appeal if it is plain error affecting substantial rights"). "The United States Supreme Court has established a three-prong test for plain error, requiring that before an appellate court reviews an unobjected-to error, there must be (1) error; (2) that is plain; and (3) the error must affect substantial rights." *Griller*, 583 N.W.2d at 740. The appellant bears the burden of persuasion on the third step. *Id.* at 741.[5] This is a "heavy burden." *Id*. If all three steps are satisfied, "the appellate court then assesses whether it should address the error to ensure fairness and the integrity of the judicial proceedings." *Id.* at 740.

Because Kasper did not object to Judge Eichenwald presiding even after the district court called the removal order to the parties' attention, we conclude that plain-error review applies. The district court gave Kasper the opportunity to object to the state's decision to withdraw its notice of removal and waive its peremptory removal of Judge Eichenwald. But Kasper did not object: "I'm not going to take a position . . . . I'm going to let the Court

---

[5] There is an exception for prosecutorial misconduct, in which the state has the burden of showing that the appellant's substantial rights were not affected. *State v. Ramey*, 721 N.W.2d 294, 299-300 (Minn. 2006). Kasper has not suggested that prosecutorial misconduct occurred here, so the burden on the third step remains on him. We do not consider or determine which party bears the burden on the third step if a district court disregards or overlooks a defendant's timely notice of removal.

come to its own decision on it." And Kasper does not assert the interpretation of the preemptory-removal rule on appeal, so de novo review does not apply. Thus, we review the issue for plain error.

**B.    The district court plainly erred by failing to honor the removal order at Kasper's plea hearing; however, this error did not affect Kasper's substantial rights.**

Next, we apply plain-error review to the alleged error at the plea hearing. "An error is plain if it is clear or obvious; usually this means an error that violates or contradicts case law, a rule, or an applicable standard of conduct." *State v. Vang*, 847 N.W.2d 248, 261 (Minn. 2014). The rules of criminal procedure and caselaw indicate that following a notice of removal, the assigned judge is removed automatically and a different judge will preside over the case. *See* Minn. R. Crim. P. 26.03, subd. 14(4); *Dahlin*, 753 N.W.2d at 308. Although there is no criminal caselaw directly discussing a district court's failure to honor a timely removal order, the Minnesota Supreme Court has held that a removed judge's "failure to step aside" under the parallel rule of civil procedure is "reversible error." *OCC, LCC v. County of Hennepin (In re OCC, LLC)*, 917 N.W.2d 86, 91 (Minn. 2018) (applying Minn. R. Civ. P. 63.03 and granting a writ of mandamus when a tax court judge found removal was impracticable and did not honor a timely removal notice).

We conclude that the district court erred when Judge Eichenwald presided over the plea hearing. As the district court expressly recognized, there was a valid removal order in effect at the time of the plea hearing and the order removed Judge Eichenwald based on the state's peremptory challenge. Thus, the district court's error at the plea hearing was plain.

We turn to the third step to determine whether Kasper's substantial rights were affected by this error. "[I]n most cases . . . the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).

Kasper does not mention the third step or argue that he was prejudiced by Judge Eichenwald presiding over the plea hearing. The state argues that the alleged error did not affect Kasper's substantial rights. The state points out that Kasper himself "does not claim that the impartiality of Judge Eichenwald might reasonably be questioned or that she was not fully informed of the facts and circumstances of his case."

The facts in *Azure* guide our analysis of any prejudice. In *Azure*, the district court denied as untimely the appellant's motion to remove the assigned judge. *Azure*, 621 N.W.2d at 722-23. In addition to affirming the denial of the appellant's motion, the Minnesota Supreme Court noted that it was "especially disinclined to excuse appellant's lateness when he has made no attempt to show that the denial of his motion resulted in actual prejudice." *Id.* at 725.

Like the appellant in *Azure*, Kasper did not make any arguments or attempt to show that he was prejudiced by Judge Eichenwald presiding over his case. Kasper's plea hearing included a signed plea petition and a verbal waiver of trial rights during which Kasper was represented by counsel. Importantly, the district court did not accept Kasper's guilty plea until after the district court had informed Kasper of the removal order and allowed him the opportunity to object. We therefore conclude that the district court's error at the plea hearing did not affect Kasper's substantial rights.

**C.** **The district court did not plainly err by allowing the state to withdraw and waive its notice of peremptory removal before proceeding with the sentencing hearing. But even if we assume error occurred, it did not affect Kasper's substantial rights.**

The parties disagree about whether error occurred at the sentencing hearing at which the district court accepted Kasper's guilty plea and pronounced his sentence. Kasper argues that the district court erred when Judge Eichenwald presided over the sentencing hearing because she had been removed by the state's notice and a valid court order. Kasper concedes that "it seems reasonable that a party" may waive its right to peremptory removal. He argues, however, that neither party can waive a district court's removal order: "[O]nly the district court itself or a court of higher authority has the power to alter the district court's order." He characterizes the issue on appeal as whether the district court's decision to rescind the removal order after the state's waiver of its peremptory rights can apply "retroactively" to the plea hearing. The state argues that no plain error occurred at sentencing because no caselaw discusses the issue.

We first conclude that there was no plain error in allowing the state to waive its peremptory removal of Judge Eichenwald before Kasper's sentencing hearing. Again, peremptory removal is a procedural right, not a substantive right, and it may be waived by silence or untimely notice. *Azure*, 621 N.W.2d at 724; *see also Jones v. Jones*, 64 N.W.2d 508, 515 (Minn. 1954) (holding, in a dissolution matter, that the right of removal may be waived by "failure to seasonably assert it."). Second, we agree with Kasper that the district court implicitly modified or vacated the removal order after the state waived its peremptory removal. The district court appears to have understood the state's waiver of its peremptory

12

removal as a request to modify the removal order. Thus, the district court did not err when Judge Eichenwald presided over Kasper's sentencing hearing. Even if we were to assume error occurred at the sentencing hearing, no caselaw addresses this issue, so any error was not plain.

Because we conclude that no plain error occurred at the sentencing hearing, we need not consider the third step of plain-error review. Even so, we note that Kasper does not contend that he was prejudiced by Judge Eichenwald presiding over the sentencing hearing. And nothing in the record suggests that Kasper was prejudiced. Only the state filed a notice to remove; Kasper did not seek to remove Judge Eichenwald at any time. Similarly, even after Kasper was reminded of the removal order and the state waived its peremptory removal of Judge Eichenwald, Kasper did not object, move to remove the judge for cause, seek to withdraw his plea, or suggest that Judge Eichenwald's impartiality was affected. Thus, we conclude that even if we assume error occurred at the sentencing hearing, the record does not indicate that Kasper's substantial rights were affected.

**Affirmed.**